RYERSON *v.* MINTON.

<hr>

Where a judgment was in debt, but only for interest, and the plaintiff issued
an execution for principal as well as interest and, on a return of *nulla bona*,
filed a bill on the ground that the whole was due ; the court, on a motion to
grant an order for a receiver, restricted it to the mere amount of interest
actually due.

Amendment allowed in the allegation of amount due on a judgment creditor's
bill, by substituting the proper sum.(*a*)

<hr>

JUDGMENT creditor's bill. It charged that the complainant
had recovered a judgment, in the supreme court, for fourteen
thousand dollars of debt and twenty-one dollars and eighteen
cents damages. Also, the complainant stated, that there was

actually and equitably due to him on the said judgment the sum of seven thousand seven hundred and one dollars and thirty-five cents, over and above all just claims, &c.

Motion now made that an order for a receiver, which had been obtained, should be vacated ; and the injunction granted herein be dissolved. The motion was based on the defendant's affidavit, showing that the judgment had been obtained on a money bond for seven thousand dollars with interest, the principal of which had not become due and that there was only an arrear of interest unpaid. In the action at law, the plaintiff had issued a *fi. fa.* with a direction, endorsed, to levy seven thousand dollars for principal, six hundred and forty-seven dollars and fifty cents for interest and twenty-one dollars and eighteen cents costs.

Mr. *R. C. Wheeler*, for the motion.

Mr. *J. Wallis*, contra.

THE VICE-CHANCELLOR ordered : that the receiver should be appointed, with reference to the amount of interest only due on the bond in judgment at the time of issuing the execution ; and that the order for the appointment stand so modified. Each party to bear his own costs of this motion.

(a) A motion was afterwards made for leave to amend in the matter of the amount due on the judgment. This was founded on an affidavit, showing that an application had been made to the court of law, on the part of the defendant, to set aside the *fi. fa.*; and that the judges had made a rule conditional, setting aside the execution, unless the plaintiff should amend the indorsement by directing a levy of the interest and costs only and pay the costs of the motion; all which had been done. The Vice-Chancellor allowed the amendment by striking out, in the bill, the amount of principal (alleged to be due) and substituting the arrear of interest. This was done on payment of costs.